## STATE OF RHODE ISLAND v. RICHARDSON.

District Court, D. Rhode Island. April 8, 1929.

Cr. No. 3526.

Benjamin M. McLyman, Asst. Atty. Gen., for the State of Rhode Island.

John S. Murdock, U. S. Atty., of Providence, R. I., for defendant.

LETTS, District Judge. There is before the court the motion of the state of Rhode Island to have remanded to the superior court for the county of Newport, state of Rhode Island, for trial, the indictment returned to said court on the 3d day of December, 1928, against Alvah H. Richardson, alias Albert Doe, said cause having heretofore been removed to this court under a writ of habeas corpus cum causa issued on the 23d day of February, 1929.

The indictment charges that defendant Richardson, together with nine other defendants named, did on the 24th day of June, 1928, conspire to feloniously steal, take, and carry away property of one Herbert Cavaca, in the town of Tiverton, county of Newport, and state of Rhode Island.

It is agreed that on said 24th day of June, 1928, Richardson was a prohibition agent acting under the direction of John W. Morrill, acting prohibition administrator for the state of Rhode Island. None of the other defendants named in the indictment were prohibition agents.

In support of its motion to remand, the state contends that the removal to the federal court of the trial of the charges against Richardson will impose upon it an added burden, in that it will necessitate two separate trials, there being no jurisdiction in the federal court to try the charges against any of the defendants other than Richardson.

It is also contended, in view of the nature of the offense charged, namely, of conspiracy, that a disclosure of its evidence on the occasion of the first trial will handicap the state in effectively presenting its evidence on the occasion of the second trial. It was also urged on the part of the state that defendant Richardson has not in his petition made a full and frank disclosure of the facts surrounding the incident, in connection with which the indictment was returned, so as to entitle him to a trial in the federal court under the provisions of section 33 of the Judicial Code (28 USCA § 76).

In support of this last contention there has been offered in evidence by the state a transcript of a portion of the testimony given by Richardson at a former trial in the state court of one Campbell. That trial involved in part the same series of events and overt acts on account of which the present indictment against Richardson was brought. This testimony was offered to establish inconsistencies between the narration of events as set forth in the petition for removal with the testimony given at that trial in relation to the same general occurrences.

Section 33 of the Judicial Code provides:

"That when any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States, now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, * * * the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the District Court next to be holden in the district where the same is pending, upon the petition of such defendant to said District Court, and in the following manner: Said petition shall set forth the nature of the suit or prosecution and be verified by affidavit, and, together with a certificate signed by an attorney or counsellor at law of some court of record of the state where such suit or prosecution is commenced, or of the United States, stating that, as counsel for the petitioner, he has examined-

ined the proceedings against him and carefully inquired into all the matters set forth in the petition, and that he believes them to be true, shall be presented to the said District Court, if in session, or if it be not, to the clerk thereof at his office, and shall be filed in said office. The cause shall thereupon be entered on the docket of the District Court, and shall proceed as a cause originally commenced in that court."

The decision of the Supreme Court in the case of Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, has settled the law that a prohibition agent comes within the purview of section 33. In that case the court said:

"We have no doubt that the word 'protection' was inserted for the purpose of giving to officers and persons acting under the authority of the National Prohibition Act in enforcement of its provisions, the same protection of a trial in a federal court of state prosecutions as is accorded to revenue officers under section 33."

The force of the arguments presented by the state, in support of its motion to remand, is apparent. Only with the greatest reluctance does this court appear to interfere with the proceedings in the state court by removing for trial to the federal court the charges against one only of the defendants.

Section 33, however, provides that: "The said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the District Court * * * upon the petition of such defendant to said District Court and in the following manner."

It would seem from a reading of the provisions of this section, together with the opinions heretofore rendered in its interpretation and application, that there is no discretion in the District Court to refuse to take jurisdiction where the facts found bring the matter within the terms of this statute. Maryland v. Soper, supra, and cases cited therein.

The only questions under this motion open for consideration at this time are:

1. Has the petitioner complied with the procedural requirements of section 33 by embodying in his petition a full and frank disclosure of the nature of the prosecution and his knowledge of, and connection with, the acts and events involved?

2. Does it appear that the prosecution or indictment arose out of and on account of acts done under color of his office or exercise of authority under the National Prohibition Act?

No evidence was introduced on the part of the state challenging the truthfulness or completeness of the narration contained in the petition other than a portion of Richardson's testimony given at the Campbell trial. This testimony does indicate some inconsistencies with the statements of fact contained in the petition. These inconsistencies, however, relate only to certain details in respect to how the discovery and seizure of certain liquors at the Cavaca farm in the town of Tiverton were accomplished on the night of June 24, 1928. They represent the sort of inconsistencies in repeated narrations with which every court is familiar and slow to accept as indicative of intentional falsehood.

Because of the fact that these matters, with others, may become of importance in the trial of the cause against Richardson, this court desires at this time to make no further comment upon their significance.

The petition discloses that on the evening of June 24, 1928, Richardson in conjunction with his superior, Mr. Morrill, went to the Cavaca farm in the town of Tiverton and there made a certain seizure of liquor. The petition purports to narrate everything which was done by Richardson on that date and place. While it is contended by the state that the conspiracy charged in the indictment represents something separate and apart from what was done by the federal agents in seizing the liquors, it was nevertheless conceded that the charges against Richardson involve and relate to certain acts and events, among the last of which was the consummation of a seizure of the liquors and their transfer to the government warehouse.

Any difficulty which is presented in arriving with confidence to a conclusion that the indictment against Richardson was on account of acts done under the color of his office, arises not from the incompleteness of the statements in the petition, but from the brevity and ambiguity of the charge contained in the indictment. It must be apparent that the intendment of section 33 may not be defeated by the brevity of the conspiracy charge permissible under state practice if, from all the circumstances present, it is reasonably certain that the alleged conspiracy involves as overt acts the doings of a prohibition agent in the course of his performance of duty. One difficulty here presented arises from the failure of the indictment to allege any specific or overt acts, such allegations being unnecessary under the Rhode Island practice.

There is no intention here to either criticize the form of the indictment nor to prejudge the case by any expression suggestive

of Richardson's innocence. The court does, however, find, for purposes only of this motion, that the content of the petition and the statements of counsel indicate that the indictment arises out of facts and the prosecution thereunder is on account of acts done by the petitioner under color of his office as prohibition agent, and that the disclosures embodied in the petition, judged by the record as it now stands, are sufficient to require this court to take jurisdiction of the trial of the charges against Richardson.

The motion of the state of Rhode Island to remand is denied, and the state's exception to this denial is noted.